UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61196-CIV-COHN/SELTZER

NORA B. DELVALLE,

    Plaintiff,

v.

OFFICER A. SMITH/6146 and
CITY OF HALLANDALE BEACH,
a political subdivision of the State of Florida,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Officer A. Smith and City of Hallandale Beach's Motion to Dismiss Complaint for Malicious Prosecution, False Arrest and Battery [DE 8] ("Motion"). The Court has considered the Motion, Plaintiff Nora B. Delvalle's Response [DE 16], Defendants' Reply [DE 18], and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On May 23, 2011, Plaintiff Nora B. Delvalle filed this action against Defendants Officer A. Smith and the City of Hallandale Beach ("the City"). See Complaint [DE 1]. The Complaint brings three claims pursuant to 42 U.S.C. § 1983: malicious prosecution against Officer Smith (Count I); false arrest or imprisonment against the City (Count II); and battery against the City (Count III). See id.

Plaintiff alleges that on or about July 20, 2008, Officer Smith arrested her for Driving Under the Influence and Violation of a Traffic Control Device. Compl. ¶ 9.

Plaintiff says that Officer Smith instituted a prosecution against her, and that he acted without probable cause and with malice in doing so.  Id. ¶¶ 10-12.  According to Plaintiff, all charges were ultimately dismissed on February 12, 2009.  Id. ¶ 12.

Plaintiff further alleges that the City is liable for false arrest or imprisonment and battery because Officer Smith was acting within the scope of his employment for the City when, despite Plaintiff's lack of consent, Officer Smith "physically deprived [Plaintiff] of her freedom and liberty and restrained her in her movements," id. ¶¶ 20-21, and "did batter, touch, and strike Plaintiff without the consent of Plaintiff and against her will," id. ¶ 25.  Plaintiff claims to have suffered various emotional and physical injuries as well as loss of time and damage to her reputation.  Id. ¶¶ 16, 23, 26.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendants seeks to dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff contends that her pleading is sufficient to survive dismissal. In accordance with the below discussion, the Court finds that Plaintiff has failed to allege facts stating a claim upon which relief can be granted. Therefore, the Complaint will be dismissed without prejudice.

### A. Malicious Prosecution
### (Count I)

To plead a malicious prosecution claim, the plaintiff must allege that "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002) (citing Burns v. GCC

Beverages, Inc., 502 So. 2d 1217 (Fla. 1986)).  Defendants contend that Plaintiff has not sufficiently plead the third, fourth, and fifth elements.  The Court agrees.

The third element requires allegations that "termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff." Durkin, 814 So. 2d at 1248.  "The law is settled that [this element] may be satisfied by either a favorable decision on the merits or a bona fide termination of the proceedings." Weissman v. K-Mart Corp., 396 So. 2d 1164, 1167 (Fla. Dist. Ct. App. 1982).  Dismissal of the charges against an accused is not a bona fide termination where the dismissal was "bargained for and obtained by the accused on his promise of restitution."  Id. at 1964 (citing Freedman v. Crabro Motors, Inc., 199 So. 2d 745 (Fla. Dist. Ct. App. 1967)).  The Complaint alleges, "The criminal prosecution was resolved in favor of DELVALLE where all charges were dismissed on February 12, 2009."  Compl. ¶ 14. This allegation is insufficient for the Court to infer that the criminal action was terminated in Plaintiff's favor.  Plaintiff is mistaken in her contention that "[a] dismissal is clearly a bona fide termination in the Plaintiff's favor," Resp. at 4, because certain dismissals may not be the result of a termination in a plaintiff's favor depending on the circumstances.  See, e.g., DeMarie v. Jefferson Stores, Inc., 442 So. 2d 1014, 1016 n.1 (Fla. Dist. Ct. App. 1983) (noting that where a party executed a Deferred Prosecution Agreement and Speedy Trial Waiver in return for being accepted as a participant in a pretrial diversion program, with at least an implicit understanding that his case would be nolle prosequied upon his successful completion of the program, the nolle prosequi "would not appear to be a bona fide termination in [the party's] favor.").  Therefore, Plaintiff's pleading is insufficient as to this element.

The fourth element requires the plaintiff to plead "an absence of probable cause for the original proceeding." Durkin, 814 So. 2d at 1248. The Complaint alleges, "Said prosecution was instituted by SMITH without probable cause as the facts observed by SMITH prior to arresting DELVALLE, and the matters known to him before the instituting of the aforementioned prosecution would not have warranted a reasonable man to believe that any criminal offense had been committed by DELVALLE." Compl. ¶ 11. As Defendants note, these allegations "contain absolutely no substantive facts surrounding the subject arrest to establish a constitutional violation." Mot. at 6. Thus, Plaintiff has not met her "obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief.'" Twombly, 550 U.S. at 545. Therefore, Plaintiff's pleading is insufficient as to this element.

The fifth element requires a showing that "there was malice on the part of the present defendant." Durkin, 814 So. 2d at 1248. "Malice is not only an essential element of a malicious prosecution; it is the gist of such a cause of action." Sebring Utils. Comm'n v. Sicher, 509 So. 2d 968, 970 (Fla. Dist. Ct. App. 1987). The Complaint alleges, "SMITH acted with malice in instituting the aforesaid prosecution which is implied by the lack of probable cause and/or with express malice as shown by his reckless disregard for the rights of DELVALLE and her personal animosity and hostility towards DELVALLE." Compl. ¶ 12. Plaintiff alleges no facts from which the Court can infer that Officer Smith acted with malice. Once again, Plaintiff's conclusory allegations do not meet her "obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief,'" Twombly, 550 U.S. at 545, and her "formulaic recitation of the elements of a cause of action will not do," id. Therefore, Plaintiff's pleading is insufficient as to this element.

Therefore, because Plaintiff has failed to satisfy the pleading standards as to the third, fourth, and fifth elements of her malicious prosecution claim, the claim will be dismissed. However, the Court will permit Plaintiff to replead her claim in accordance with the above standards.

### B. False Arrest or Imprisonment and Battery
### (Counts II and III)

In her false arrest or imprisonment and battery claims, Plaintiff seeks damages against the City for Officer Smith's actions. See Compl. ¶¶ 17-23; 24-26. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694; see also Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991) ("It is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of *respondeat superior*"). Defendants argue that Plaintiff has not sufficiently pled that Officer Smith acted pursuant to some custom or policy of the City. The Court agrees.

The Complaint alleges, "that Hallandale Beach, Florida is liable for its custom and practices of permitting and encouraging illegal arrest based upon insufficient evidence and lack of probable cause. The officers of Hallandale Beach have been

encouraged to believe that they could violate Plaintiff's constitutional rights by taking such act." Compl. ¶ 1.  The Complaint further alleges, "At all times material to this complaint, the defendant acted toward the plaintiff under the color of statutes, ordinances, customs and usage of the State of Florida, City of Hallandale Beach and the Hallandale Beach Police Department."  Compl. ¶ 4.  Plaintiff has submitted no factual allegations to support her contention that the City had a policy that encouraged illegal arrests.  Unlike Brown, where the plaintiff submitted a "voluminous" 31-page complaint with an "exhaustive" set of documents relating to his allegations that he was treated differently from white officers, that the chief of police was aware of the discriminatory practices and allowed them to continue, and that the city manager knew or should have known of the discrimination, see 923 F.2d 1474, Plaintiff in this case merely concludes, without any factual support, that the City had a custom and practice to permit and encourage illegal arrests.  Such an allegation fails to meet Plaintiff's "obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief,'" Twombly, 550 U.S. at 545.

      Therefore, because Plaintiff has failed to satisfy the pleading standards to hold the City liable for her false arrest or imprisonment and battery claims, these claims will be dismissed.  However, as with the malicious prosecution claim, the Court will permit Plaintiff to replead her claims in accordance with the above standards.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint for Malicious Prosecution, False Arrest and Battery [DE 8] is **GRANTED**. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Plaintiff may file an Amended Complaint in accordance with the above findings by no later than **November 7, 2011**. Defendant's Answer will be due 14 calendar days from the filing of an Amended Complaint. **Plaintiff's failure to file an Amended Complaint by the November 7, 2011 deadline will result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of October, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF