UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61196-CIV-COHN/SELTZER

NORA B. DELVALLE,

         Plaintiff,

v.

OFFICER A. SMITH/6146 and
CITY OF HALLANDALE BEACH,
a political subdivision of the State of Florida,

         Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendants Officer A. Smith and City of

Hallandale Beach's Motion to Dismiss Amended Complaint for Malicious Prosecution,

False Arrest and Battery [DE 25] ("Motion").  The Court has considered the Motion,

Plaintiff Nora B. Delvalle's Response [DE 28], Defendants' Reply [DE 29], and the

record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On May 23, 2011, Plaintiff Nora B. Delvalle filed this action against Defendants

Officer A. Smith and the City of Hallandale Beach ("the City").  See Complaint [DE 1].

On November 14, 2011, after the Court granted Defendants' motion to dismiss the

original Complaint [DE 19], Plaintiff filed her Amended Complaint [DE 24].  The

Amended Complaint brings four claims pursuant to 42 U.S.C. § 1983: malicious

prosecution against Officer Smith (Count I); false arrest or imprisonment against the

City (Count II); battery against the City (Count III); and failure to intervene against the

City (Count IV).  See id.

The Amended Complaint alleges that on or about July 20, 2008, Officer Smith stopped Plaintiff while she was driving.  Am. Compl. ¶ 8.  Plaintiff maintains that she was driving her vehicle within her lane, id. ¶ 29, but Officer Smith's Complaint Affidavit [DE 24-1] indicates that he observed Plaintiff's vehicle swerving in its lane and crossing into the bicycle lane, Am. Compl. ¶ 9; Compl. Aff.  After stopping Plaintiff, Officer Smith administered roadside sobriety tests, but according to the Complaint, he did not describe or explain the physical requirements associated with the tests, nor did he provide Plaintiff with an opportunity to explain limitations that prohibited her from performing the exercises properly.  Am. Compl. ¶¶ 12, 13, 15.

Officer Smith ultimately charged Plaintiff with driving under the influence ("DUI") and with violation of a traffic control device, arrested her, and escorted her to the Broward County Sheriff's facility for breath analysis.  Am. Compl. ¶¶ 10, 16-18.  Though the breath analysis test results were .027 and .025, within .02 of each other, and both below the legal limit for DUIs, Officer Smith allegedly "used the result of the breath analysis as probable cause to charge [] Plaintiff with DUI, describing results as inconsistent."  Id. ¶ 19-20.  Officer Smith then required Plaintiff to submit a urine sample, which Plaintiff claims to have witnessed Officer Smith mishandle.  Id. ¶¶ 21-22.

Plaintiff contends that Officer Smith lacked probable cause to charge her with DUI and violation of a traffic control device.  Id. ¶¶ 25-26.  As a result of Officer Smith's conduct, Plaintiff claims that she suffered sleep deprivation, harm to her reputation, emotional distress, mental anguish, loss of enjoyment of life, public ridicule, loss of self-esteem, pain, suffering, and humiliation, among other damages.  Id. ¶¶ 33-34.  In

2

addition, she notes that she "had to post a bond, hire a criminal defense attorney and endure uncertainty, fear and anxiety with respect to the arrest and charges issued by Officer A. Smith." Id. ¶ 35.

Plaintiff further alleges that the City is liable for Officer Smith's conduct because its "policies, practices, customs and procedures violated Plaintiff's rights under the 4th, 5th, and 14th Amendments of the United States Constitution to be free from unreasonable searches and seizures and to be free from the deprivation of her right to liberty without due process of law." Id. ¶ 37. The City allegedly "condoned, ratified and ignored without remediation Officer A. Smith's violation of Plaintiff's right[s]." Id. ¶ 38. Also, Plaintiff claims that Officer Smith's supervisor, Sergeant T. Crevier, failed to intervene in Plaintiff's arrest, and that the City "directly or indirectly, under color of law, approved or ratified this unlawful conduct." Id. ¶ 67. Therefore, Plaintiff seeks damages against Officer Smith and the City.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)

3

(citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendants seek to dismiss the entire Amended Complaint for failure to state a claim upon which relief can be granted.  Plaintiff contends that her pleading is sufficient to survive dismissal.  In accordance with the below discussion, the Court finds that Plaintiff has stated a claim for malicious prosecution, but has failed to state her remaining claims against the City.

### A. Malicious Prosecution
### (Count I)

To plead a malicious prosecution claim, the plaintiff must allege that "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant;

4

and (6) the plaintiff suffered damages as a result of the original proceeding." Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002) (citing Burns v. GCC Beverages, Inc., 502 So. 2d 1217 (Fla. 1986)).  Defendants contend that Plaintiff has not and cannot plead the fourth element, lack of probable cause, because Officer Smith had actual probable cause to arrest Plaintiff for DUI.  Plaintiff maintains that she has pled the lack of probable cause element regarding both the DUI charge and the violation of traffic control device charge.

"[T]he standard for determining the existence of probable cause is the same under both Florida and federal law—whether a reasonable man would have believed probable cause existed had he known all of the facts known by the officer."  Rankin v. Evans, 133 F.3d 1425, 1433 (11th Cir. 1998) (citations and quotations omitted).  Whether the facts in a case give rise to probable cause for an arrest depends on the elements of the offense.  See Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004).  Here, Plaintiff was arrested for violation of a traffic control device and DUI.

Initially, the Court notes that although Defendants argue for dismissal of the entire malicious prosecution claim, they do not specifically argue that Plaintiff has failed to plead the absence of probable cause relating to the violation of a traffic control device charge.  The Complaint alleges, "Officer A. Smith failed to provide any facts related to violation or disobeying a traffic control device."  Am. Compl. ¶ 49.  In responding to the instant Motion, Plaintiff reiterates, "[n]othing within the probable cause affidavit submitted by Officer Smith supports a charge for violation of traffic control device."  Resp. at 7.  Defendants have not pointed to anything in the Complaint Affidavit or Police Report refuting Plaintiff's allegation.  Defendants also do not argue

that Plaintiff has failed to allege any other required elements for her malicious prosecution claim based on the violation of a traffic control device charge.  Accordingly, the malicious prosecution claim survives dismissal as it relates to the violation of a traffic control device charge.

Further, the claim also survives dismissal as it relates to the DUI charge.  Under Florida law, a person is guilty of DUI if "the person is driving in actual physical control of a vehicle within this state and . . . [t]he person is under the influence of alcoholic beverages . . . when affected to the extent that the person's normal faculties are impaired."  Fla. Stat. § 316.193(1)(a).  Defendants argue that Officer Smith had probable cause to arrest Plaintiff for DUI based on his observations of her driving, his contact with her, and her performance on the roadside sobriety tests.  Plaintiff responds that the initial stop was invalid, and therefore the subsequent sobriety tests were illegal.

"[T]o effect a valid stop for DUI, the officer need only have a 'founded suspicion' of criminal activity."  State v. Davidson, 744 So. 2d 1180, 1180-81 (Fla. Dist. Ct. App. 1999); see also State v. Carillo, 506 So. 2d 495, 497 (Fla. Dist. Ct. App. 1987).  Plaintiff maintains that Officer Smith did not have a founded suspicion that she was diving under the influence.  The Complaint Affidavit states that Officer Smith stopped Plaintiff when he observed Plaintiff's vehicle "swerving within its own lane and on three separate occasions crossing over the solid white line into the bicycle lane."  Compl. Aff. at 1; see also Police Report [DE 24-3].  Yet, the Amended Complaint disputes these statements, alleging "Plaintiff maintains that she drove her vehicle within her lane at the time of her operation of the vehicle going east on Hallandale Beach Boulevard on July 20, 2008," Am. Compl. ¶ 29.  Accepting all alleged factual matter as true and making all

6

reasonable inferences therefrom, as this Court is required to do at the motion to dismiss stage, the Amended Complaint alleges the absence of probable cause relating to the DUI charge.  Defendants do not argue that Plaintiff has failed to allege any other required elements for her malicious prosecution claim based on the DUI charge. Accordingly, the malicious prosecution claim survives dismissal as it relates to the DUI charge.  Therefore, the Court will deny Defendants' request to dismiss the malicious prosecution claim for failure to state a claim.

### B. False Arrest or Imprisonment, Battery, and Failure to Intervene (Counts II, III, and IV)

Plaintiff brings claims against the City for false arrest or imprisonment and battery based on Officer Smith's actions, and for failure to intervene based on Sergeant Crevier's actions.  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694; see also Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991) ("It is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of *respondeat superior*").  Thus, to state her claims against the City, Plaintiff must allege that the constitutional violations were caused by the city's unconstitutional custom, policy, or practice.  As explained

7

below, the Court finds that Plaintiff has failed to plead these claims.

Previously, the Court dismissed the false arrest or imprisonment and battery claims for Plaintiff's failure to plead that Officer Smith acted pursuant to some custom or policy of the City. The Amended Complaint includes identical counts except for the additional allegation that the City "condoned, ratified and ignored without remediation Officer A. Smith's violation of Plaintiff's right[s]." Compl. ¶ 38. The Amended Complaint also adds a count for failure to intervene, alleging that the City "directly or indirectly, under color of law, approved or ratified this unlawful conduct of Officer T. Crevier." Id. ¶ 67. Defendants argue that these allegations remain insufficient because Plaintiff still fails to provide any facts to support her contention that the City had a policy that encouraged illegal arrests. Mot. at 10. The Court agrees. The Amended Complaint once again concludes, without any factual support, that the City had a custom and practice to permit and encourage illegal arrests. See Am. Compl. ¶ 37. Such an allegation still fails to meet Plaintiff's "obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief.'" Twombly, 550 U.S. at 545.

In her Response, Plaintiff does not suggest that she has any other facts to support that Officer Smith and Sergeant Crevier acted pursuant to the City's custom or policy, but instead suggests that she should be permitted to engage in discovery to obtain the facts she requires. See Resp. at 9. She cites Schuer v. Rhodes, 416 U.S. 232, 236 (1974) for the proposition that "[c]ase law supports allowing the Plaintiff to acquire additional evidence to support the claims." Resp. at 9. However, as Defendants point out, the motion to dismiss standard has changed since Schuer was decided. See Reply at 4. Under the current standard, conclusory allegations, without

any factual matter which, accepted as true would state a plausible claim to relief, will not do.  See Twombly, 550 U.S. at 545; Iqbal, 129 S. Ct. at 1949.  Therefore, Plaintiff's false arrest or imprisonment, battery, and failure to intervene claims will be dismissed for failure to state a claim.

Additionally, a claim for failure to intervene requires that "the officer must be 'in a position to intervene.'"  Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (citing Riley v. Newton, 94 F.3d 632, 635 (11th Cir. 1996) (holding that officer who did not observe fellow officer's use of excessive force did not have a duty to intervene)).  No where in the Amended Complaint does Plaintiff plead that Sergeant Crevier was in any position to intervene.  See Am. Compl.  The Amended Complaint does not allege that Sergeant Crevier was at the scene of the arrest on July 20, 2008, or that he otherwise knew of the arrest while it was occurring.  See id.  Thus, the Amended Complaint fails to state a claim for failure to intervene against the City not only because the claim does not allege that Sergeant Crevier acted pursuant to a city custom or policy, but also because the claim does not allege that Sergeant Crevier was in any position to intervene.

Accordingly, because Plaintiff fails to satisfy the pleading standards to hold the City liable for false arrest or imprisonment, battery, and failure to intervene, these claims will be dismissed.  In the interest of justice, the Court will permit Plaintiff one more opportunity to replead her claims.

9

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Dismiss Amended Complaint for Malicious

    Prosecution, False Arrest and Battery [DE 25] is **GRANTED in part and**

    **DENIED in part** as follows:

    a.  The Motion is **DENIED** as to Count I (malicious prosecution against

        Officer Smith);

    b.  The Motion is **GRANTED** as to Count II (false arrest or

        imprisonment against the City), Count III (battery against the City),

        and Count IV (failure to intervene against the City), and each is

        **DISMISSED without prejudice**;

2.  By no later than **January 9, 2012**, Plaintiff may file a Second Amended

    Complaint in accordance with the above findings, or alternatively, Plaintiff

    may file a Notice of intent to proceed solely on the malicious prosecution

    claim against Officer Smith.

3.  Defendants' Answer will be due 14 calendar days from the filing of a

    Second Amended Complaint or a Notice.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 27th day of December, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF